Exhibit 15

**Kevin Maxwell**

---

| | |
|---|---|
| **From:** | kevincmaxwell@gmail.com |
| **Sent:** | Wednesday, August 11, 2021 03:29 PM |
| **To:** | 'Clendenen, Michael P. (CIV)' |
| **Cc:** | kevinmaxwellpl@gmail.com |
| **Subject:** | RE: Case 6:21-cv-01245-CEM-GJK Rare Breed Triggers, LLC et al v. Garland et al |

Good afternoon Mr. Clendenen,

As I am sure you are aware, even though ATF may not be required to hold a formal hearing under the APA, it is still required to comply with basic constitutional due process, i.e., notice and a meaningful opportunity to be heard, before it deprives me of the right to engage in my business and turn me and each of my many customers into felons.  By any stretch of the imagination, that must occur either before or immediately after the agency action.

In this case, ATF issued its final agency action, the cease and desist letter, before ever notifying me of its actions or ever giving me an opportunity to respond.  The proof of this is that the letter is dated July 26, 2021, and it was hand-delivered to me on July 27, 2021.  That means the ATF had already made its final decision before I ever given an opportunity to be heard.  Thus no due process was afforded to me prior to the agency determination.

On the issue of due process being provided after the issuance of the cease and desist letter, according to your e-mail below, that is not occurring either.  I was summoned in for the meeting with SAC Saier. having no idea why, since I did not receive the letter until I arrived.  Once I was informed of what the situation was, I immediately informed SAC Saier and ATF's legal counsel, of my expert reports and asked to see the examination.

Following this, I wrote and filed a reply to the ATF's cease and desist letter with SAC Saier and ATF's legal counsel.  The opinions of my experts as well as their resumes and the other exhibits to the Complaint (with the exception of my affidavit) were attached to that letter.  And within that letter, I asked ATF to reconsider its position based upon the evidence I was presenting.  SAC Saier acknowledged receipt.

Nonetheless, you are now taking the position that *none of this* is part of the administrative record either.  If that is the case, then I am at a loss as to when I was ever provided with an meaningful opportunity to respond to the ATF's actions <u>either before or after</u> the cease and desist letter was issued.  This appears to be a complete deprivation of due process.

It also appears that what you are choosing to include in your "administrative record" is totally arbitrary and one-sided.  You clearly intend to include an ATF examination, (which I have still never seen), while at the same time, you are refusing to include my reports in that same record,  even though they were submitted to your clients and received by SAC Saier and ATF's legal counsel.

The ATF's failure or refusal to include my submissions in the administrative record of this case is proof that the ATF has never even considered my submissions.  That is the very epidemy of having no *meaningful* opportunity to be heard.  It is also clear evidence of bad faith on the part of ATF.

Exhibit 15

The bottom line is that the ATF and I have a factual dispute over the operation of the FRT-15, and thus an oral and evidentiary hearing is necessary.  And the ATF's refusal to allow me any opportunity to defend myself or submit documents for the administrative records means that I have still not had one yet.

I note that in the case law you cite, the Eleventh Circuit quoted the SCOTUS on the following:   "**If the record before the agency does not support the agency action**, **if the agency has not considered all relevant factors**, **or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it**, **the proper course**, except in rare circumstances, **is to remand to the agency for additional investigation or explanation**."  *Preserve Endangered Areas of Cobb's History v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (internal citations omitted).  The Eleventh Circuit also noted in that case that the District Court is justified in going outside the administrative record when:  1) an agency's failure to explain its action effectively frustrates judicial review; 2) it appears that the agency relied on materials not included in the record; 3) **technical terms or complex subjects need to be explained**; or 4) **there is a strong showing of agency bad faith or improper behavior**.  *Id.* at FN1.

I believe that the ATF's refusal to allow my submissions into the administrative record, as indicated by your e-mail, and its failure to afford me a meaningful opportunity to respond either before or after issuing the cease and desist letter, gives me a justifiable argument to say that this matter either needs to be remanded for further investigation or that the District Court should be allowed to consider my evidence on this complex subject outside of the record since ATF has refused to look at it or include it in the record.

I am available the remainder of the afternoon for a good faith conference.  Please feel free to call me.

Thank you,


Kevin C. Maxwell, Esquire
Law Offices of Kevin C. Maxwell
733 West Colonial Drive
Orlando, Florida 32804
407-480-2179
407-849-2951 Fax

---

**From:** Clendenen, Michael P. (CIV) <Michael.P.Clendenen@usdoj.gov>
**Sent:** Wednesday, August 11, 2021 11:44 AM
**To:** kevincmaxwell@gmail.com
**Cc:** kevinmaxwellpl@gmail.com
**Subject:** RE: Case 6:21-cv-01245-CEM-GJK Rare Breed Triggers, LLC et al v. Garland et al

Good morning Mr. Maxwell,

2

Exhibit 15

There is an examination report that we hope to send to you soon, and we will in any event include it as part of the Administrative Record filed no later than Monday.

Because this is an APA case, ATF's position is that the Court's review must be limited to the administrative record. *See* 5 U.S.C. § 706; *see, e.g., Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Engineers*, 87 F.3d 1242, 1246 (11th Cir. 1996). As such, we do not think any witnesses should be allowed at this hearing, and we are prepared to file a motion in limine to that effect. Moreover, the exhibits (i.e. the experts' letters) already attached to the PI motion, TRO motion, and Complaint are outside the administrative record and subject to being stricken from the court's consideration. Are you available at all this afternoon to discuss and to meet and confer as required under the local rules?

Respectfully,

**Michael P. Clendenen**
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12028
Washington, DC 20005
(P): 202-305-0693
(C): 202-532-5747
michael.p.clendenen@usdoj.gov

---

**From:** kevincmaxwell@gmail.com <kevincmaxwell@gmail.com>
**Sent:** Tuesday, August 10, 2021 3:09 PM
**To:** Clendenen, Michael P. (CIV) <Michael.P.Clendenen@usdoj.gov>
**Cc:** kevinmaxwellpl@gmail.com
**Subject:** Case 6:21-cv-01245-CEM-GJK Rare Breed Triggers, LLC et al v. Garland et al

Mr. Clendenen;

Have you determined if there is an examination report and if so, are you in a position yet where you can provide me copy?

I have all four of my experts prepared to appear on 8/18/21. They would very much like to review it beforehand.

I would also like to know if you plan to exchange witness lists and discuss marking exhibits before Monday.

Kevin C. Maxwell, Esquire
Law Offices of Kevin C. Maxwell
733 West Colonial Drive
Orlando, Florida 32804

Exhibit 15

407-480-2179
407-849-2951 Fax