UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

RARE BREED TRIGGERS, LLC,
    Plaintiff,
v.

MERRICK GARLAND, in his
official capacity as Attorney
General of the United States; et al.,

    Defendants.

CASE NO.: 3:22-cv-00085-ARS

### PLAINTIFF'S MOTION TO FILE A SUR REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Pursuant to Local Rule 7.1(C), Plaintiff seeks a sur reply to address Defendants' venue-related arguments. The venue issues presented are novel and require additional attention. In their reply brief, Defendants contend Plaintiff cannot seek venue under 28 U.S.C. § 1391(e)(1)(C) because Defendants took away Plaintiff's business and left it without a residence other than its state of incorporation. (Dkt. 33 at 9.) Plaintiff should be afforded leave to respond to this contention as well as to Defendants' other venue-related arguments, including without limitation its assertion that Plaintiff is not defunct and its assertions about the import of Public Law 112-63.

Plaintiff further requests a sur reply to address misstatements of law and fact by Defendants in their Response. The misstatements are not isolated. By way of glaring example only, Defendants attempt to sidestep Plaintiff's challenge to 27 C.F.R. § 479.11, which is the primary thrust of Plaintiff's Complaint, by claiming that specific *citation to* Section 479.11 and specific *application* of it to the FRT-15 in the subject examination report was merely "background information" bereft of legal consequence. (Dkt. 33 at 11, n. 4.) Defendants, with the weight of the Executive Branch

behind them, clearly believe that governmental immunity extends to making outright false statements before the Judicial Branch.[1]

The misstatements also include Defendants' assertions regarding the FRT-15's status as a "machinegun," including without limitation their claim that the Complaint's exhibits "confirm that a single pull of the [FRT-15] trigger can result in the firing of multiple of rounds" and their misreading of *Guedes v. ATF*. (Dkt. 33 at 7-8.)

Plaintiff also seeks a sur reply as Defendants' response mischaracterizes the holding and import of *West Virginia v. EPA*, by failing to acknowledge that the Supreme Court's ruling eliminated Defendants' ability to promulgate 27 C.F.R. § 479.11. *West Virginia* is not about deference, instead its strikes at the heart of the administrative- agency's power to promulgate rules. Defendants ignore the scope and import of *West Virginia* to the instant case.

Plaintiff also seeks a sur reply so that it can point to demonstrably false contentions by Defendants in Section V of its response related to the alleged denial of procedural due process.

WHEREFORE, Plaintiff, RARE BREED TRIGGERS, LLC, respectfully requests leave to file a sur reply. Plaintiff requests ten pages or such number of pages that this Court deems prudent.

---

[1] Plaintiff's Complaint alleges entitlement to discovery relating to the merits and background examination report and the issuance of the July 26, 2021 cease-and-desist letter due to Defendants' bad faith permeating that process. (*See e.g.*, Compl. ¶ 48.) Defendants claim that Section 479.11 is immaterial "background information", in stark contrast to what the examination report says (calling Section 479.11 "Pertinent Authority" and specifically applying it to find the FRT-15 is a "machinegun"), is yet more evidence of bad faith.

Dated: 10/14/22

                                             */s/ Kevin C. Maxwell*
                                             **KEVIN C. MAXWELL**
                                             Florida Bar No.: 0604976
                                             255 Primera Blvd. Ste 160
                                             Lake Mary, FL 32746
                                             Tel. (407) 480-2179
                                             kevin@kmaxwellesq.com
                                             Lead Attorney for Plaintiff